## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

**WILLIAM DEAN TUGGLE, SR.**                    * SUIT NUMBER _____

**VERSUS**                                                          *JUDGE

**DAVID F. DIES, M.D.,**                                 *MAGISTRATE JUDGE
**EUSTACE L. EDWARDS, M.D.**
**And LOUISIANA MEDICAL**
**MUTUAL INSURANCE COMPANY**

---

### ORIGINAL COMPLAINT

---

NOW INTO COURT, through undersigned counsel, comes WILLIAM DEAN

TUGGLE, SR., a major domiciliary of Waskom, Harrison County, Texas, who, with

respect represent:

1.

Made defendants herein are:

(a) DAVID F. DIES, M.D. ("Dr. Dies"), a physician licensed to practice medicine
and doing business in the State of Louisiana, whose principal place of business
is in Caddo Parish, Louisiana, who may be served at, 3217 Mabel Street,
Shreveport, Louisiana 71103;

(b) EUSTACE L. EDWARDS, M.D. ("Dr. Edwards"), a physician licensed to
practice medicine and doing business in the State of Louisiana, whose principal
place of business is in Caddo Parish, Louisiana, who may be served at, 8001
Youree Drive, Shreveport, Louisiana 71115; and

(c) LOUISIANA MEDICAL MUTUAL INSURANCE COMPANY, a domestic
insurer domiciled in the Parish of Jefferson, State of Louisiana, with an office

1

in Caddo Parish, Louisiana, who may be served at 900 Pierremont Road, Suite 203, Shreveport, Louisiana 71106.

2.

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

3.

Venue is proper with this Honorable Court because two of the Defendants reside herein and the incident(s) complained of occurred herein in Caddo Parish, Louisiana.

4.

Plaintiff shows that the defendants herein are liable for any and all damages as are reasonable in the premises.

5.

The amount of damages sought herein are sufficient to establish jurisdiction in this Court, and should include legal interest thereon from January 23, 2012,  the date the request for the Medical Review Panel was submitted, until paid and for all costs of these proceedings.

6.

Plaintiff further shows that a claim letter dated January 23, 2012, was filed against the defendants, DAVID F. DIES, M.D., and EUSTACE L. EDWARDS, M.D., and received by the Commissioner of Administration on February 1, 2012, pursuant to the Louisiana Medical Malpractice Act ("Hereinafter referred to as the "Act").    Plaintiff

shows that he was notified by the Commissioner of Administration on February 1, 2012

that the defendants, DAVID F. DIES, M.D., and EUSTACE L. EDWARDS, M.D., are

qualified and do have coverage in the Patient's Compensation Fund under the provisions

of Louisiana Revised Statutes 40:1299.41, et seq.  A Medical Review Panel rendered an

Opinion on July 23, 2013, in accordance with the Act.

7.

Plaintiff was a 70 year-old male and on or about January 24, 2011, he presented to

Defendant Dr. David F. Dies at the Shreveport Endoscopy Center in Shreveport,

Louisiana, and underwent a colonoscopy with Dr. Dies at 08:20 a.m. due to high risk for

colon cancer and personal history of colon polyps.

8.

The colonoscope was introduced through the anus and advanced to the cecum.  Dr.

Dies' records reflect that the colonoscopy was extremely difficult due to the mobility of

the colon, and that successful completion of the procedure was aided by withdrawing the

scope, replacing it with the pediatric endoscope, and reinserting the scope.

9.

Dr. Dies found a somewhat rigid recto-sigmoid compatible with intra-abdominal

adhesions and multiple small-mouthed diverticula in the sigmoid colon.  According to Dr.

Dies, the diverticular structuring in the sigmoid necessitated the need for a pediatric

endoscope.

10.

Post-procedure, Plaintiff was in immediate extreme pain as soon as he awoke from anesthesia and was experiencing severe nausea.  Despite these complaints, Plaintiff was not evaluated by Dr. Dies or his staff and was instead rushed out of the recovery room and forced to leave, only 30 minutes after the procedure was over.

11.

At 12:10 p.m. that same day, Plaintiff presented to the Emergency Room at Willis-Knighton Medical Center with complaints of abdominal pain, nausea, and vomiting that started suddenly after having the colonoscopy.  A physical exam showed the abdomen was soft without masses, tenderness, guarding, or rebound.  Bowel sounds were present.  Plaintiff rated the pain on a scale of 10/10.  He was medicated with Dilaudid and Zofran.

12.

Defendant Dr. Edwards ordered an x-ray for Plaintiff, which was taken at 01:09 p.m. and showed gaseous distention of the bowel.  There was gas identified throughout the large bowel, small bowel, and down into the rectum.  Dr. Edwards discharged Plaintiff with a diagnosis of abdominal pain thought secondary to gas, and chronic nausea and vomiting with exacerbation.  Plaintiff 's pain and nausea continued throughout the rest of the day and night.

13.

Early next morning, on January 25, 2011, Plaintiff was taken to the Emergency Room at Willis-Knighton North and was admitted at 12:40 p.m. with complaints of pain in the abdomen and buttocks on a scale of 10/10.  Plaintiff was immediately diagnosed

with a perforated sigmoid colon and was prepared for a first stage Hartmann procedure with resection of the sigmoid colon, creation of a Hartmann's pouch, and end colostomy. Dr. William Norwood performed the surgery and found quite a bit of loose liquid fecal contamination in the pelvis from the perforated colon.   The colon was matured and sutured, and a colostomy bag was applied.   The CT of the abdomen and pelvis revealed free air throughout the abdomen with no obstruction or bowel wall thickening noted, no abnormal fluid collections noted, prior to cholecystectomy.

14.

The colostomy procedure went well, but Plaintiff then suffered complications postoperatively.   He had problems with chronic renal disease and renal insufficiency, and was kept in the ICU for a few days.   Once his condition stabilized, he was moved to a ward where he stayed until discharge on February 4, 2011.

15.

The failure of Dr. Dies to assess Plaintiff postoperatively, and the delay between Dr. Edwards's x-ray of 12:10 p.m. on January 24, 2011, and his ultimate diagnosis on a 12:40 p.m. on January 25, 2011, was greater than 24 hours and directly resulted in many of Plaintiff's problems.   Had the CT scan been performed or the perforation diagnosed and treated on January 24, 2011, Plaintiff would have had an opportunity for a quicker and more complete recovery and avoided a long hospital stay, as well as a better end result for his future.

16.

As a direct and proximate result of the aforestated substandard care, Plaintiff has suffered physical pain and suffering, mental anguish and distress, permanent disability, loss of enjoyment of life, medical bills and an increased likelihood of future problems and additional medical bills in the future.

17.

The aforestated actions of the defendants, DAVID F. DIES, M.D., and EUSTACE L. EDWARDS, M.D., fell below the medical standard of care and duty owed to plaintiff and plaintiff is entitled to be fully compensated for all losses, injuries, and damages which he has suffered as a result of the aforestated medical malpractice of defendants, DAVID F. DIES, M.D., and EUSTACE L. EDWARDS, M.D.

18.

Plaintiff shows that he complied with the provisions of the Louisiana Medical Malpractice Act by submitting this case in a timely and appropriate fashion to a medical review panel.

19.

At the time of the events sued upon, defendants, David F. Dies, M.D. and Eustace L. Edwards, M.D., were insured and indemnified for acts of medical negligence by Louisiana Medical Mutual Insurance Company (LAMMICO), named as a defendant herein.

20.

Plaintiffs asserts their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

21.

Plaintiff is entitled to be fully and completely compensated for all losses, injuries, and other damages caused by any substandard medical or surgical care on the part of the defendant.

WHEREFORE, PLAINTIFF, WILLIAM DEAN TUGGLE, SR., prays that the defendants, DAVID F. DIES, M.D. and EUSTACE L. EDWARDS, M.D., be duly served with a certified copy of the above and foregoing petition for damages and be cited to appear and answer same.

PLAINTIFF, WILLIAM DEAN TUGGLE, SR., further prays that, after due proceedings had that there be judgment in his favor and against the defendants, DAVID F. DIES, M.D. and EUSTACE L. EDWARDS, M.D., in a sum sufficient to fully and completely compensate plaintiff for all losses, injuries and other damages which he has suffered as a result of his substandard care with legal interest thereon from the date of the filing of the original claim pursuant to the provisions of the Louisiana Medical Malpractice Act until paid and all costs of these proceedings, including the fees of any expert witnesses that may be called to testify on behalf of the plaintiffs at the trial of this matter, and for all orders and decrees necessary and proper, considering the premises.

PLAINTIFF, WILLIAM DEAN TUGGLE, SR., further prays for full, general and

equitable relief.


Respectfully submitted,


/s/Patrick R. Jackson
Patrick R. Jackson
Patrick R. Jackson, APLC
Louisiana Bar No. 25722
4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
Telephone:  (318) 752-3335
Facsimile:  (318) 752-3315
ATTORNEY FOR PLAINTIFF


**PLEASE SERVE:**

DAVID F. DIES, M.D.
3217 Mabel Street
Shreveport, Louisiana 71103

EUSTACE L. EDWARDS, M.D.
8001 Youree Drive
Shreveport, Louisiana 71115

LOUISIANA MEDICAL MUTUAL INSURANCE COMPANY
900 Pierremont Road
Suite 203
Shreveport, Louisiana 71106