UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WILLIAM DEAN TUGGLE, SR.                CIVIL ACTION NO. 13-cv-2908

VERSUS                                  JUDGE HICKS

DAVID F. DIES, ET AL                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

William Dean Tuggle, Sr. ("Plaintiff") filed this civil action in federal court based on an assertion of diversity jurisdiction, placing the burden on him to present facts that establish diversity of citizenship.  Plaintiff will need to amend his complaint to set forth additional facts to ensure that this court is one of competent jurisdiction.

Plaintiff describes himself as a domiciliary of Texas, which means he is a citizen of that state.  He describes individuals Dr. Dies and Dr. Edwards as physicians licensed to practice medicine and doing business in Louisiana, with a principal place of business in Caddo Parish.  That information does not, however, clearly assert the state in which either of those physicians is domiciled and is, therefore, a citizen for diversity purposes.  The amended complaint must specifically allege the state in which each physician is a citizen.

Louisiana Medical Mutual Insurance Company is described in the complaint as a domestic insurer domiciled in Louisiana with an office in Caddo Parish.  The complaint does not allege whether the insurer is a corporation or other form of legal entity, and it does not set forth allegations of citizenship in accordance with the rules for corporations or another form of entity.  The insurer represents in its corporate disclosure statement that it is a

Louisiana corporation with its principal office in Louisiana.  That should be of benefit to Plaintiff, who must allege with specificity (1) the state in which LMMIC  was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

If the amended complaint satisfies Plaintiff's burden that diversity exists, the court will set a scheduling conference.  If, however, there is no diversity, then the court must dismiss the case for lack of subject-matter jurisdiction.  Plaintiff will be allowed until **December 11, 2013** to file an amended complaint that complies with this order.  Filing by that date is within 21 days after service of the defendants' answer, so the amended complaint may be filed without leave of court.  See Fed. R. Civ. Pro. 15(a)(1)(B).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of November, 2013.

Mark L. Hornsby
U.S. Magistrate Judge